**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20cv-03471-RM-SKC

KENYATTA BLAKE,

    Plaintiff,

v.

APPLE VALLEY EAST CONDOMINIUM ASSOCIATION, INC., and
MOELLER GRAF, PC,

    Defendants.

---

**ORDER TO SHOW CAUSE**

---

    This matter is before the Court *sua sponte*. This action was filed on November 23, 2020 by Ms. Dana Morris-Blake and Mr. Kenyatta Blake (collectively, "Plaintiffs"). (ECF No. 1.) As Plaintiffs appeared *pro se*, the Court construes their filings liberally. Nonetheless, they are required to follow the same rules of civil procedure as other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court's review of the record shows Mr. Blake has failed to follow the Federal Rules of Civil Procedure, failed to prosecute this action, and, in fact, abandoned this action.

    First, under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court record shows that Defendant Apple Valley East Condominium

Association, Inc. has not been properly served and Defendant Moeller Graf, PC has not been served and the time to serve these parties under Rule 4(m) has long passed.

Second, on December 24, 2020, Plaintiffs filed a motion for preliminary injunction which remains pending but on which they took no further action and have apparently abandoned.

Third, Ms. Morris-Blake recently moved to voluntarily dismiss her claims in this action because she and Mr. Blake have filed this action *again* in this District, Civil Action No. 21-cv-00105-DDD-NRN (the "Second Action"). The Court construed that motion as notice of voluntary dismissal, but by Ms. Morris-Blake only. As the Court advised Plaintiffs in its March 29, 2021, Order, because the motion was signed only by Ms. Morris-Blake, the voluntary dismissal was effective only as to her. Mr. Blake was required to either sign the motion for voluntary dismissal or file his own separate notice. (ECF No. 14.) Accordingly, only Ms. Morris-Blake has been terminated from this action.

Finally, the Court has taken judicial notice of the Second Action and finds that, on March 23, 2021, Ms. Morris-Blake filed a "Notice of Deceased Party" in the Second Action. In that notice, Ms. Morris-Blake advised that Mr. Blake has died. Pursuant to Fed. R. Civ. P. 25(a), if Mr. Blake's claim survives his death, a motion for substitution of party must be made within 90 days of the service of the notice of death or the action against the decedent (here, Mr. Blake) must be dismissed.

In light of the failure to serve Defendants, Ms. Morris-Blake's voluntary dismissal of this action as to her, Plaintiffs' filing of the Second Action in this District, and Mr. Blake's death, it is **ORDERED** that, pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1, on or before **May 4, 2021**, the authorized representative of Plaintiff Kenyatta Blake shall **SHOW CAUSE**

why this action should not be **DISMISSED WITHOUT PREJUDICE** for failure to timely and properly serve Defendants and for failure to prosecute.[1]

DATED this 12th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] The Court reiterates that the Federal Pro Se Clinic provides free assistance to people representing themselves in the U.S. District Court for the District of Colorado. The Clinic cannot assist with criminal, bankruptcy, habeas, appeals, or any state cases. If a party wishes to avail himself of this service, he may make an appointment by phone (303-380-8786) or online at www.cobar.org/cofederalproseclinic.